**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHAD STEVENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| v. ) | |
| ) | |
| UNIVERSAL PROTECTION SERVICE, LLC. ) | |

### PLAINTIFF'S COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS

**NOW COMES** the PLAINTIFF, Chad Stevens, and files this complaint against his employer, Allied Universal, for violating the Age Discrimination in Employment Act (ADEA) through retaliation. In support of this complaint, Plaintiff states as follows:

1. Plaintiff, Chad Stevens ("Plaintiff") is a male resident of Cook County, Illinois, and was 53 years old at the time of his termination by the Defendant.

2. Defendant, UNIVERSAL PROTECTION SERVICE, LLC, which does business under the name ALLIED UNIVERSAL, does business in the State of Illinois.

3. Defendant is an employer as defined by Section 11(b) of the Age Discrimination in Employment Act. Defendant is a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. §630(b).

4. Plaintiff was employed by the Defendant.

5. Plaintiff meets the definition of employee of the Defendant under the ADEA.

6. Defendant is an employer as defined by the ADEA.

7. Venue is proper in this Court, as the actions contained herein occurred in Illinois, within the Northern District and Plaintiff worked for Defendant in Illinois..

8. Plaintiff timely filed a charge of discrimination with the Equal Opportunity Commission ("EEOC") and requested a right to sue. The Plaintiff received the right to sue letter on or about January 24, 2025.

9. This Complaint is filed within 90 days of the issuance of the right to sue letter from the EEOC.

10. Plaintiff performed his job duties in a satisfactory manner while he worked for Defendant and was provided raises and good performance evaluations.

11. Plaintiff began his employment with Defendant on or about May 1, 2001, and subsequently was fired by Defendant.

12. In October 2023, Plaintiff received praise for his outstanding work.

13. Defendant decided that it wished to terminate its older employees around the beginning of 2024. The Defendant started to change the way it treated older workers. The Defendant required Plaintiff to write up employees requiring performance improvement when in fact they did not need it. Each of those employees was over 40 years old.

14. Plaintiff's supervisor, Dan Shontz, treated Plaintiff inferior to other employees and retaliated against Plaintiff.

15. The Defendant denied Plaintiff his bonus for 2023, despite Plaintiff meeting the criteria for receiving the bonus.

16. Defendant Dan Shontz created bogus discipline for Plaintiff, which was designed to terminate Plaintiff due to his age. When doing the discipline, Defendant failed to follow its procedures when disciplining and firing Plaintiff.

17. Plaintiff wrote an email on May 9, 2024, stating he was being discriminated against by Dan Schotz and mistreated to Jennifer Daniels.

18. After learning about Plaintiff's discrimination complaint, Dan Shontz became furious with Plaintiff.

19. Plaintiff was discharged on May 10, 2024, by Dan Shontz, who cited "gross insubordination" as the reason, a charge stemming from Plaintiff's discrimination claim.

20. At the time of Plaintiff's termination, Defendant did not follow its personnel policies regarding termination.

21. Plaintiff has requested his Personnel file. Based upon information and belief Plaintiff believes that Defendant has destroyed Plaintiff personnel file or parts thereof.

22. Plaintiff's termination occurred approximately 24 hours after he sent the email on May 9, 2024, raising an inference of retaliatory intent. Additionally, the fact that Shontz was angry about the complaint indicates a retaliatory motive.

## COUNT I VIOLATION OF ADEA

23. Plaintiff realleges counts 1-22 herein.

24. Defendant fired Plaintiff for filing a complaint of discrimination against his supervisor, Dan Shontz, and/or due to Plaintiff's age.

25. Plaintiff realleges paragraphs 1-22 in Count I as set forth herein.

26. **29 U.S.C. 623** makes it unlawful and illegal for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.

27. Plaintiff was over the age of 40 and is part of the protected class under the ADEA.

28. Defendant instituted policies aimed at eliminating older workers, creating false write-ups to justify terminations.

29. Defendant's actions of firing Plaintiff and other disparate treatment of Plaintiff were done because of Plaintiff's age.

30. Defendant's actions toward the Plaintiff, as well as the differences in terms and conditions of employment which Plaintiff was subjected to by DEFENDANTS, were done because of his Age and were unlawful violations of 29 U.S.C. 623.

31. The Defendant's conduct as alleged above constitutes discrimination based on Age discrimination in violation of ADEA. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

32. Defendant's actions towards Plaintiff damaged Plaintiff including but not limited to loss of pay and benefits.

33. Defendant's discriminatory conduct toward Plaintiff was willful and/or **intentional** and engaged in "with malice or with reckless indifference to the federally protected rights" of the plaintiff.

34. Plaintiff requests both equitable and legal relief, including making whole relief, reinstatement, backpay, injunctive relief, declaratory judgment, attorneys' fees, and, in the case of a willful violation, an award of liquidated damages equal to the backpay award and retroactive pension benefit.

35. Plaintiff was also damaged and requests Front pay.

36. Plaintiff request liquidated damages for the willful acts of Defendant.

37. Defendant knew and/or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA. The Defendant's actions were in contravention of congressional intent for employees to be free discrimination due to employees' age.

## COUNT II RETALIATION

38. PLAINTIFF realleges paragraph 1-37 into Count II as set forth herein.

39. **29 U.S.C. 623(d)** makes it unlawful for an employer to discriminate against any of its employees because such individual, member or applicant for membership has opposed any practice made unlawful by the ADEA, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.

40. Plaintiff was fired due to his complaints of discrimination and assertion to not be subject to discrimination.

41. Plaintiff was fired one day after he made a complaint of discrimination.

42. Defendant's firing plaintiff were in retaliation of his filing a complaint of discrimination and violated **29 U.S.C. 623(d)**.

43. Defendant's actions towards Plaintiff damaged Plaintiff including but not limited to loss of pay and benefits.

44. Plaintiff requests both equitable and legal relief, including making whole relief, reinstatement, backpay, injunctive relief, declaratory judgment, attorneys' fees, and, in the case of a willful violation, an award of liquidated damages equal to the backpay award and retroactive pension benefit.

45. Plaintiff was also damaged and requests Front pay.

46. Plaintiff request liquidated damages for the willful acts of Defendant.

47. Defendant knew and/or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA. Defendant's actions were in contravention of congressional intent for employees to be free of discrimination due to the employee's age.

WHEREFORE PLAINTIFF prays that this court finds in his favor and grant Judgment against the Defendant and award Plaintiff him back pay and front pay, compensatory damages if this Court deems then allowed in this under the ADEA or for retaliation, liquidated damage for Defendant's willful actions, the costs and reasonable attorneys' fees incurred with this lawsuit with interest thereon; and( e) other damages and further relief as deemed just.

**JURY DEMAND**

**THE PLAINTIFF DEMANDS A JURY TRIAL**



_____

Steven D Horak # 6207126
940 Knollwood Dr
Buffalo Grove IL 60089
847-877-3120
Steve@stevenhoraklaw.com
Attorney for Plaintiff Kim Fox